| | |
|---|---|
| 1 | The Honorable Karen A. Overstreet |
| | Chapter 11 |
| 2 | Hearing Date: July 23, 2010 |
| | Hearing Time: 9:30 a.m. |
| 3 | Hearing Location: 700 Stewart St, 7th Floor |
| | Seattle, WA |
| 4 | Response Date: July 16, 2010 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

THE CASCADIA PROJECT LLC,
EIN 20-1488863,

Debtor.

Case No. 09-20780-KAO

MOTION FOR FOURTH AMENDED FINAL ORDER APPROVING POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(c)

The Cascadia Project LLC, debtor and debtor-in-possession herein ("Cascadia" or "Debtor"), hereby moves this court for a fourth amended final order approving postpetition financing (the "Motion") pursuant to the Debtor-In-Possession Financing Agreement (the "Agreement"), a copy of which is attached as Exhibit A hereto and which was previously approved by this Court, the Amendment to Debtor-In-Possession Financing Agreement (the "Amendment"), a copy of which is attached as Exhibit B hereto and which was previously approved by this Court, the Second Amendment to Debtor-In-Possession Financing Agreement (the "Second Amendment"), a copy of which is attached as Exhibit C hereto and which was previously approved by this Court, the Third Amendment to Debtor-In-Possession Financing Agreement (the "Third Amendment"), a copy of which is attached as Exhibit D, and the proposed Fourth Amendment to Debtor-in-Possession Financing Agreement ("Fourth Amendment"), a copy of which is attached as Exhibit A to the declaration of Steven E. Ahrens in

MOTION FOR FOURTH AMENDED FINAL ORDER APPROVING
POSTPETITION FINANCING ... - 1

SEADOCS:421575.2
552640.0007

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

support of the Motion (the "Ahrens Declaration) filed concurrently herewith. Cascadia requests approval of a fourth amended final order extending the previously approved postpetition financing from July 31, 2010, to August 31, 2010 and approving an increase in the debtor-in-possession facility from $1.816 million to $2.103 million to provide financing to continue operations. This Motion is based on the files and records herein, and the Ahrens Declaration filed in support of the Motion.

## I. BACKGROUND

1. Cascadia commenced this case on October 15, 2009 (the "Petition Date"). Cascadia has retained control over its assets and continues to operate its business as debtor-in-possession pursuant to 11 USC §§ 1107 and 1108.

2. Jurisdiction exists pursuant to 28 USC §§ 137 and 1334, 11 USC § 364, and Federal Rule of Bankruptcy Procedure 4001. This Motion involves a core matter pursuant to 28 USC § 157(e)(2)(a) and (b).

3. Cascadia's primary business operation is a development of approximately 4,200 acres of land located near Orting and Bonney Lake, Washington, as an employment-based planned community, including the planned development of residential, commercial, business, and educational properties (collectively, the "Community"). Cascadia, through contractors, also conducts timber harvesting on its land and on an adjoining property owned by Cascadia Resort Communities LLC. Cascadia has completed significant infrastructure improvements, including underground utilities, sewer, and water installation, road construction, and preparation of 389 finished residential lots as well as one superpad that will be developed into an additional 113 lots.

4. There is one permanent aboveground structure in the Community, "Elementary School No. 9." This school is currently being used by approximately 600 students, together with faculty and staff. There is one partially finished structure on the site which will be the

MOTION FOR FOURTH AMENDED FINAL ORDER APPROVING
POSTPETITION FINANCING … - 2

SEADOCS:421575.2
552640.0007

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Community's informational center, and there is a fenced trailer complex that is currently being used as the site office.

5. Cascadia currently employs six individuals. These individuals perform a variety of functions including, but not limited to, maintaining the Community, working on issues pertaining to land use, zoning, and permitting (including timber harvesting and gravel mining), performing marketing, and working with Cascadia's financial advisor, Obsidian Finance Group, to formulate a proposed plan of reorganization. In addition to incurring costs for such employees (including payroll, payroll taxes, and benefits), Cascadia is incurring expenses for rent, utilities, site maintenance, equipment rental and leases, insurance, and professionals. Cascadia is also incurring costs in making monthly payments to HomeStreet Bank as required under 11 U.S.C. § 362(d)(3)(B) (the "SARE Payments"). Notwithstanding the granting of this Motion, the payment of fees to professionals and the reimbursement of the costs of professionals in this bankruptcy case shall be subject to court approval on notice to creditors and the opportunity for a hearing.

6. As of the date of this Motion, Cascadia has almost no available unencumbered cash. Cascadia's authority to use postpetition financing under the court's Third Amended Final Order Approving Postpetition Financing Pursuant to 11 U.S.C. §364(c) (the "Third Final Order") entered on or about June 29, 2010, will expire on July 31, 2010. Further, the Agreement itself terminates at 11:59 p.m. on July 31, 2010, unless extended by agreement of Cascadia, Chen and the Committee. The proposed budget for the period of August 1, 2010 through August 31, 2010 is attached as Appendix 1 to the Fourth Amendment, Exhibit A to the Ahrens Declaration.

## II. AGREEMENT

1. Immediately prior to the time Cascadia filed its petition commencing this case, Y.K. Chen ("Lender") was granted a security interest in Cascadia's 50% interest in Cascadia Resort Communities LLC ("CRC") (the "Collateral") to secure a loan of $1,500,000, of which $430,000 was advanced prepetition. In its schedules, Cascadia values the Collateral in excess of

MOTION FOR FOURTH AMENDED FINAL ORDER APPROVING
POSTPETITION FINANCING ... - 3

SEADOCS:421575.2
552640.0007

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

1    $9,000,000, although, absent a successful reorganization, the property value is likely much less.
No other entity has an interest in the Collateral. However, the other 50% member of CRC, Sumitomo Forestry Seattle, Inc., is the beneficiary of a deed of trust securing a debt in excess of $2,000,000 against CRC's real property, a 514 acre rough graded parcel which is to be developed into a golf course resort community.

2.     Lender is the father-in-law of Patrick Kuo, the sole member and manager of Cascadia.

3.     The Agreement essentially provides for Lender to provide Cascadia with a postpetition loan in the amount of $1,500,000 less the amount Lender advanced to Cascadia before the time the petition was filed. The advances would accrue interest at 12 percent per annum. No loan payments are due until July 31, 2010, pursuant to the Third Amendment. Advances under the Agreement are to be made pursuant to the Budget attached to the Agreement or such other budget agreed to by Lender, Cascadia, and the Committee. The proposed budget is attached as Appendix 1 to the Fourth Amendment.

4.     On March 23, 2010, the Court extended the postpetition financing through June 30, 2010 and granted Cascadia the authority to enter into the Amendment extending the debtor-in-possession facility through June 30, 2010. [Dkt. #242].

5.     On May 5, 2010, the Court granted Cascadia's motion to increase the debtor-in-possession facility from $1.5 million to $1.692, and granted Cascadia the authority to enter into the Second Amendment increasing the debtor-in-possession facility as such. [Dkt. #296].

6.     On June 25, 2010, in open court, the Court granted Cascadia's motion to increase the debtor-in-possession facility from $1.692 million to $1.816 million, extended the postpetition financing through July 31, 2010, and granted Cascadia authority to enter into the Third Amendment increasing the facility and extending the financing.

7.     Advances are secured by an interest in the Collateral. Lender also has the potential for receiving a super priority administrative claim under 11 USC § 507(b).

MOTION FOR FOURTH AMENDED FINAL ORDER APPROVING
POSTPETITION FINANCING ... - 4

SEADOCS:421575.2
552640.0007

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Notwithstanding the foregoing, Lender has subordinated his interest in the Collateral to allow $500,000 of the value of the Collateral to be used to pay the professionals of Cascadia and the Committee for their fees and costs incurred in this case and approved by the Court.

8. If Cascadia is unable to access the advances pursuant to the Agreement and Fourth Amendment, it will be unable to pay expenses as they accrue. Further, Cascadia will be unable to make the SARE Payments required under 11 U.S.C. § 362(d)(3)(B) and will face the lifting of the automatic stay.

9. Cascadia has been unable to obtain unsecured credit from any source on any basis more favorable than that set forth in the Agreement.

10. Cascadia requests that the Court allow it to use loan proceeds to fund operations from August 1, 2010 through August 31, 2010 as set forth in Appendix 1 to the Fourth Amendment. Cascadia also requests that the Court allow for the increase of the debtor-in-possession facility from $1.816 million to $2.103 million as set forth in the Fourth Amendment.

11. If Cascadia does not have access to the increased loan proceeds as requested, it will not have cash to continue operations, make SARE Payments, or prosecute its plan of reorganization, to the detriment of Cascadia and its creditors.

### III. AUTHORITY

1. Pursuant to 11 U.S.C. § 364(c), if a debtor-in-possession is unable to obtain unsecured credit as an administrative expense, the court, after notice and hearing may authorize obtaining credit on debt secured by a lien on property of the estate junior to existing liens. Cascadia has been attempting to obtain unsecured credit but has not been able to do so. The Collateral is encumbered only by an interest in favor of Lender. Cascadia's entering into the Fourth Amendment and obtaining advances under the Fourth Amendment and the budget attached as Appendix 1 to the Fourth Amendment should be authorized.

MOTION FOR FOURTH AMENDED FINAL ORDER APPROVING
POSTPETITION FINANCING ... - 5

SEADOCS:421575.2
552640.0007

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

2. The undersigned hereby certifies that the Agreement does not contain any provision set forth in part A to Appendix A, Guidelines for Cash Collateral and Financing Stipulations, of the Local Bankruptcy Rules.

### IV. CONCLUSION

WHEREFORE, Cascadia respectfully requests entry of a fourth amended final order approving the requested relief and authorizing Cascadia to enter into the Fourth Amendment and obtain advances pursuant to the Fourth Amendment and the budget annexed to the Fourth Amendment for the period of August 1, 2010, through August 31, 2010, in substantially the form attached hereto as Exhibit E.

DATED this 29th day of June, 2010.

MILLER NASH LLP

*/s/ Geoffrey Groshong*
Geoffrey Groshong, WSB No. 6124
Danielle M. Cross, WSB No. 41792

Attorneys for Debtor
The Cascadia Project LLC

MOTION FOR FOURTH AMENDED FINAL ORDER APPROVING
POSTPETITION FINANCING ... - 6

SEADOCS:421575.2
552640.0007

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352