1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re                                                    Case No. 08-45328-PBS

PACIFIC LIFESTYLE HOMES, INC.

                    Debtor.

**DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION
DATED MAY 24, 2010**

**PERKINS COIE** LLP

Steven M. Hedberg, WSBA No. 15140
Jeanette L. Thomas, WSBA No. 31378
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Brian A. Jennings, WSBA No. 32509
1201 Third Ave., 48th Fl.
Seattle, WA 98101
Telephone:  206.359.3679
Facsimile:  206.359.4679

Attorneys for Debtor
Pacific Lifestyle Homes, Inc.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED MAY 24, 2010 – 1

69423-0001/LEGAL17257284.8

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Pacific Lifestyle Homes, Inc. proposes the following plan of reorganization pursuant to section 1121(a) of the Bankruptcy Code.

**ALL CREDITORS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN. THE DISCLOSURE STATEMENT CONTAINS A DISCUSSION OF DEBTOR'S PREPETITION AND POSTPETITION ACTIVITIES AND A SUMMARY AND ANALYSIS OF THIS PLAN.**

## ARTICLE 1
### DEFINITIONS

Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter shall include the masculine, feminine and the neuter. The words "herein," "hereto," "hereof," "hereunder" and others of similar import refer to this Plan as a whole and not to any particular article, section, subsection, or clause contained in this Plan. Any term used in this Plan that is not herein defined but is used in the Bankruptcy Code shall have the meaning assigned to the term in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meaning set forth below when used in initially capitalized form in this Plan:

**"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and referred to in section 507(a)(1) of the Bankruptcy Code, including, without limitation, the actual, necessary costs and expenses of preserving Debtor's estate and operating the business of Debtor, including wages, salaries, or commissions for services rendered after the Petition Date, compensation for legal and other services and reimbursement of expenses awarded under section 330(a) or

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

331 of the Bankruptcy Code, and all fees and charges assessed against Debtor's estate under section 1930 of title 28 of the United States Code, and all fees and charged assessed against Debtor's estate under section 1930 of title 28 of the United States Code.

**"Allowed"** means with respect to Claims: (i) any Claim against Debtor, proof of which is timely filed, or which by order of the Bankruptcy Court is not or will not be required to be filed; or (ii) any Claim that has been or is hereafter listed in the Schedules filed by Debtor as liquidated in amount and not disputed or contingent and in each case as to which either (a) no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court or (b) such an objection is so interposed and the Claim will have been allowed by a Final Order (but only to the extent so allowed), or (iii) any Claim Allowed pursuant to this Plan. A Claim is not an Allowed Claim merely because it has been described, treated or defined in this Plan. An Allowed Claim will not include interest on the principal amount of such Claim from and after the Petition Date. Notwithstanding the foregoing, Claims will be Allowed to the extent that this Plan provides that they are deemed Allowed.

**"Avoidance Actions"** means all avoidance claims arising under Chapter 5 of the Bankruptcy Code or otherwise and the proceeds thereof, of whatever kind or nature, and whether asserted or unasserted, including, but not limited to, all avoidance actions instituted pursuant to sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

**"Bankruptcy Case"** means the case under chapter 11 of the Bankruptcy Code concerning Debtor commenced on the Petition Date.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"Bankruptcy Code"** means title 11 of the United States Code, as amended from time to time, as applicable to the Bankruptcy Case.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of Washington, which has jurisdiction over the Bankruptcy Case.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure promulgated under section 2075 of title 28 of the United States Code, as amended from time to time, and any and all applicable local rules of the Bankruptcy Court, as the same may from time to time be in effect and applicable to the Bankruptcy Case and other related proceedings.

**"Bar Date"** means July 13, 2009, the date set pursuant to the Order as the last date to file proofs of claim against Debtor.

**"BofA"** means Bank of America, N.A.

**"BofA Amended Loan Documents"** means the BofA Note, the amended and restated loan agreement, the amendment to trust deed and all other documents and agreements, if any, that will govern the respective rights and obligations of BofA and the Reorganized Debtor. The form and content of the BofA Amended Loan Documents will be consistent with the terms of this Plan.

**"BofA Interest Rate"** means 5.25%.

**"BofA Note"** means the promissory note to be given to BofA by the Reorganized Debtor evidencing BofA's Secured Claim.

**"BofA Other Collateral"** means that certain real property collateral for loans made by BofA to Debtor and certain of its subsidiaries prior to the Petition Date, which collateral is currently owned by PL Land Co. I LLC.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"BofA Settlement Agreement"** means that settlement agreement by and between Debtor and BofA dated effective May __, 2010, approved by the Bankruptcy Court by order dated June __, 2010.

**"Builder's Reserve"** means ten percent of all gross proceeds from the sale of any Home.

**"Business Day"** means any day other than a Saturday, Sunday or a "legal holiday" listed in Bankruptcy Rule 9006(a).

**"Cash"** means legal tender issued by the government of the United States of America irrespective of the method of payment.

**"Causes of Action"** means any and all causes of actions of the estate, of whatever kind or nature, and whether asserted or unasserted.

**"Chandler's Estate"** means the residential development known as Chandler's Estates Subdivision, located in Salem, Oregon.

**"Claim"** means (i) a right to payment from the estate (including, without limitation, a guaranty), whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance from the estate if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**"Class"** means a Class of Claims or Interests, as described in Article 3 of this Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**"Committee"** means the official committee of unsecured creditors appointed by the U.S. Trustee on October 28, 2008.

**"Community Costs"** means costs incurred by Debtor, including, without limitation, the cost of construction supervision, costs to maintain the existing homes, payment of assessments owed to homeowner associations, insurance premiums, accrued and accruing ad valorem property taxes, costs to fulfill government conditions under existing permits, marketing and advertising costs, and the costs of providing home warranties.

**"Confirmation"** means the entry of the Confirmation Order by the Bankruptcy Court confirming this Plan.

**"Confirmation Date"** means the date on which the Confirmation Order is entered on the docket maintained by the Bankruptcy Court.

**"Confirmation Order"** means the order of the Bankruptcy Court confirming this Plan under section 1129 of the Bankruptcy Code.

**"Cure"** means the distribution of Cash, or such other property or undertaking as may be agreed on by the parties, with respect to the assumption of an executory contract or unexpired lease under section 365(b) of the Bankruptcy Code, in an amount equal to all accrued, due and unpaid monetary obligations, without interest, as of the Effective Date, or such other amount as may be agreed on by the parties, under such executory contract or unexpired leases, to the extent such obligations are enforceable under the Bankruptcy Code and applicable nonbankruptcy law.

**"Debtor"** means Pacific Lifestyle Homes, Inc. and any of its former wholly owned subsidiaries that were merged immediately prior to the Petition Date, including without limitation the following entities: Banner Properties, Inc., Banner Properties of Oregon, Inc.,

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Brush College Properties, Inc., Cedar Creek Properties, Inc., Courtyard at Fairfield, Inc., Elk Meadows Properties, Inc., Emerald Vista, Inc., Fairfield, Inc., Garrette Pointe, Inc., KCTL, Inc., Kelley Creek at Pleasant Valley, Inc., Lake River Properties, Inc., Maple Creek Holdings, Inc., Meriwether Estates, Inc., Morgan's Vineyard, Inc., North Pointe Estates, Inc., Northwest Lease Options, Inc., Osprey Pointe, Inc., Pacific Lifestyle Development, Inc., Pacific Lifestyle Holdings, Inc., PL Realty, Inc., Platinum One, Inc., Ponte Cino Properties, Inc., Ponte Cino Townhome Properties, Inc., Songbird, Inc., Sunset Ridge of Washington, Inc., The Reserve at Cooper Mountain, Inc., The Reserve at Sunset Ridge Inc. and Thornton Springs, Inc.

**"DIP Loan"** means the debtor in possession loan in the amount of $1.7 million made by the Wanns pursuant to the terms of that certain Stipulated Order Authorizing Debtor to Obtain Post Petition Financing Pursuant to Section 364 of the Bankruptcy Code and Granting Liens, Security Interests and Super-Priority Administrative Expense Status, which was entered by the Bankruptcy Court on December 9, 2008 and which was extended pursuant to a Stipulated Order Extending Maturity Date of Post-Petition Financing, which was entered by the Bankruptcy Court on March 5, 2010.

**"Disclosure Statement"** means the disclosure statement, dated May 24, 2010, as amended, supplemented or modified from time to time, describing this Plan, prepared in accordance with section 1126(b) of the Bankruptcy Code.

**"Disputed Claim"** means (i) a Claim against Debtor that was not timely Filed; (ii) a Claim against Debtor, to the extent that a proof of Claim has been timely Filed or deemed timely Filed under applicable law, as to which an objection has been timely Filed by the Debtor or any other party in interest and which objection has not been withdrawn and has

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

not been denied by a Final Order; (iii) a Claim for which no proof of claim was filed and that was listed in the Schedules as contingent, disputed or unliquidated; and (iv) the Claim of any creditor appealing the Confirmation Order.

**"Distribution Date"** means as to each Class of Claims, the date on which distributions are to be made as set forth in this Plan.

**"Effective Date"** means the day that (i) is at least fifteen days after the Confirmation Date and (ii) all conditions precedent to this Plan as set forth in Section 10.1 have been satisfied, or, if such date is not a Business Day, the next succeeding Business Day; provided, that if a stay of the Confirmation Order is then in effect, the Effective Date will be the first Business Day after the stay is lifted.

**"Entity"** means any individual, corporation, limited liability company or similar entity, limited or general partnership, joint venture, association, joint stock company, estate, entity, trust, trustee, U.S. Trustee, unincorporated organization, government, governmental unit (as defined in the Bankruptcy Code), agency or political subdivision thereof.

**"Equity Contribution"** means the following equity contribution to be made by the Wann Trust to the Reorganized Debtor: (i) a cash contribution on the Effective Date in the amount of $2,650,000 and (ii) a cash contribution of up to $2.3 million, which shall be paid within ten Business Days after Kevin Wann has received his 2009 federal tax return.

**"Fee Claim"** means a Claim under sections 326, 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Bankruptcy Case.

**"Filed"** means filed with the Bankruptcy Court in this Bankruptcy Case.

**"Final Order"** means an order, ruling or judgment that is no longer subject to review, reversal, modification or amendment by appeal or writ of certiorari.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**"Home"** means a residential dwelling unit (whether a house or townhome) that is constructed by the Debtor or the Reorganized Debtor.

**"Homeowner"** means any person who has purchased a Home from the Debtor or Reorganized Debtor.

**"Interests"** means any and all equity interests in Debtor no matter how designated.

**"Kevin Wann"** means the President of Debtor and indirect sole shareholder of Debtor.

**"KeyBank"** means KeyBank, National Association.

**"KeyBank Note"** means the promissory note to be given to KeyBank by the Reorganized Debtor evidencing KeyBank's Secured Claim.

**"KeyBank Returned Collateral"** means the Completed Homes, the Lots, and the Partial Homes, to the extent not sold by Debtor or Reorganized Debtor pursuant to the terms of the KeyBank Settlement Agreement, all as defined in the KeyBank Settlement Agreement.

**"KeyBank Settlement Agreement"** means that settlement agreement by and between Debtor and KeyBank dated effective March 5, 2010, approved by the Bankruptcy Court by order dated April 2, 2010.

**"KeyBank WIP"** means the improvements on, and Lots 79, 40, 55, 60 and 99 at Taverner Ridge and Lot 15 at Meriwether Hillshire, which Lots are currently under construction and currently marketed for sale.

**"Meriwether Hillshire"** means the residential development known as Meriwether-Hillshire, located in Woodland, Washington.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"Oregon Lien Order"** means the Order Establishing Procedures for the Resolution and Payment of Certain Liens entered by the Bankruptcy Court on April 16, 2009.

**"OYL Homes"** means any Home constructed by the Reorganized Debtor for a Homeowner on a parcel of land either (i) already owned by such Homeowner or (ii) purchased by the Reorganized Debtor for such Homeowner, but not any Home constructed on land that is currently part of an existing development of the Reorganized Debtor.

**"Petition Date"** means October 16, 2008, the date the Bankruptcy Case was commenced.

**"Plan"** means this chapter 11 plan of reorganization together with all exhibits and attachments hereto, either in its present form or as it may be altered, amended or modified pursuant to Section 12.3 of this Plan and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**"Plan Interest Rate"** means the United States Prime Rate as listed in the Eastern print edition of the Wall Street Journal plus .25%, which rate shall be fixed on the Effective Date.

**"Priority Claim"** means any Claim, other than a Priority Tax Claim or an Administrative Claim, which is entitled to priority in payment under section 507(a) of the Bankruptcy Code.

**"Priority Tax Claim"** means any Claim that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

**"Pro Rata"** means at any particular time, with respect to each Class of Claims, the same proportion that the Allowed amount of a Claim in such Class of Claims bears to the aggregate of:  (i) the Allowed amount of all such Claims, plus (ii) the aggregate asserted

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

amount of all Disputed Claims of such Class of Claims, as reduced from time to time as and to the extent that the Allowed amount of such Claim is determined.

"**Schedules**" means the schedules of assets and liabilities filed by Debtor with the Bankruptcy Court in accordance with section 521(1) of the Bankruptcy Code, including any supplements or amendments made thereto pursuant to Bankruptcy Rule 1009.

"**Secured Claim**" means any Claim that is secured by a validly existing and properly perfected security interest, either by deed of trust, mortgage or financing statement, or pursuant to applicable law, in property of the Debtor.

"**Secured Tax Claim**" means any and all Claims of governmental units for ad valorem property taxes or similar impositions that are secured by statutory liens on any of the Debtor's property, whether real or personal, which liens take priority over all other liens against the same property.

"**Segregated DIP Account**" means each segregated account established for each of KeyBank, BofA and WCB and, in some instances, for each of the related projects, pursuant to the Bankruptcy Court's Final Order (I) Authorizing Debtor to Sell Homes Free and Clear of Liens, Claims and Encumbrances, and Other Interests and (II) Authorizing Debtor to Assume Certain Executory Contracts, which was entered on November 10, 2008.

"**Settlement Payment**" means the amount of $750,000 to be either paid by the Wanns or offset against amounts owed to the Wanns under the DIP Loan, to settle any and all Causes of Action that the estate may be entitled to assert against them, their affiliates or subsidiaries.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"Small Unsecured Claims"** means those Creditors with Unsecured Claims of $8,000 or less, including those creditors who elect to reduce their Unsecured Claim to $8,000.

**"Songbird"** means the residential development known as Songbird, located in Vancouver, Washington.

**"Spec Home"** means a Home that is not the subject of a bona fide written agreement that is entered into in the ordinary course of the Reorganized Debtor's business and by which the purchaser thereunder agrees to purchase a Home, provided that: (i) the agreement is accompanied by a cash earnest money deposit or down payment of at least $5,000 plus an amount equal to 30 percent of the total amount of all upgrades, if any, that are to be paid for by the purchaser (i.e., upgrades that are not sales incentives or concessions), (ii) the agreement provides that the purchaser's earnest money deposit or down payment may be retained by the Reorganized Debtor as liquidated damages in the event of a default thereunder by the purchaser, and (iii) the purchaser's obligation to close the purchase and sale transaction is not subject to contingencies other than a contingency relating to the purchaser's financing of the purchase price, which contingency is satisfied before such time as construction of the Home in question is at least 95 percent complete. In the event that a pre-sale contract is terminated, then such Home shall be returned to the status of a Spec Home for purposes of the spec limitations set forth in this Plan; provided, however, that if such termination results in the Reorganized Debtor having more Spec Homes than allowed, it shall not constitute a default under any of the amended loan documents but the Reorganized Debtor shall not be entitled to build any new Spec Home until it is below the required Spec Home limit.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"Sunset Ridge"** means the residential development known as Reserve at Sunset Ridge, located in Washougal, Washington.

**"Taverner Ridge"** means the residential development known as Taverner Ridge, located in Ridgefield, Washington.

**"Unsecured Claims"** means all Allowed Claims not otherwise classified or designated in this Plan.

**"U.S. Trustee"** means the Office of the United States Trustee.

**"Wanns"** means Kevin and Nicki Wann, individually and the marital community composed thereof.

**"Wann Parties"** means the Wanns, the Wann Family Trust, and any other person or entity that, directly or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control by either or both of the Wanns or the Wann Family Trust and all successors, assigns and personal representatives of any of the foregoing.

**"Wann Trust"** means The Wann Family Trust, Fund B, dated December 14, 2006, as amended.

**"WCB"** means West Coast Bank.

**"WCB Adequate Protection"** means either (a) a first position deed of trust on otherwise unencumbered lots owned by Reorganized Debtor, the value of which shall be equal to 10% of all funds used from the Segregated DIP Account for construction of the WCB Remaining Collateral or (b) at the sole option of Reorganized Debtor, which may be exercised at any time after the Effective Date, adequate protection in the form of a segregated cash account equal to 10% of all funds used from the Segregated DIP Account

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

for construction of the WCB Remaining Collateral, in which instance, WCB will release its interest in the lots that had previously been given as security. The adequacy of the reserve will be reviewed as deemed necessary by WCB and the Reorganized Debtor, but in any event no more frequently than quarterly.

**"WCB Cash Collateral Order"** means that certain Stipulated Order Pursuant to Sections 361 and 363 of the Bankruptcy Code, Authorizing Debtor's Use of Cash Collateral and Granting Adequate Protection (West Coast Bank), which was entered by the Bankruptcy Court on April 16, 2009.

**"WCB Disposition Period"** means the 270 day period following the Effective Date.

**"WCB Note"** means the promissory note to be given to WCB by the Reorganized Debtor evidencing WCB's Secured Claim.

**"WCB Remaining Collateral"** means the completed homes and improvements on lots at Chandler's Estate and lots at Sunset Ridge, which are either fully completed or currently under construction and currently marketed for sale.

**"WCB Takedown Agreement"** means the takedown purchase agreement to be entered into by and between WCB and Reorganized Debtor pursuant to which Reorganized Debtor will be entitled to purchase the WCB Undeveloped Lots returned to WCB. The purchase price to be paid for any such WCB Undeveloped Lot will be (a) $53,000 for Sunset Ridge and $51,000 for Chandler's Estate and (b) paid on the earlier to occur of (i) the sale of the completed home on such lot to a third party purchaser or (ii) the date that is 270 days after the date such WCB Undeveloped Lot was taken down by Reorganized Debtor.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"WCB Undeveloped Lot"** means any and all lots at Chandler's Estate or Sunset Ridge that as of the Effective Date have no improvements on them other than utilities and roads and for which no building permit has been obtained.

## ARTICLE 2
## PROVISIONS FOR TREATMENT OF ADMINISTRATIVE
## AND PRIORITY TAX CLAIMS

**2.1     Administrative Claims.**

Each Administrative Claim other than Fee Claims accrued on or before, but unpaid as of, the Effective Date will be paid in full in Cash on the latest of:  (i) the Effective Date; (ii) the date on which the Bankruptcy Court enters an order allowing such Administrative Claim; or (iii) the date on which Debtor or Reorganized Debtor, as the case may be, and the holder of such Allowed Administrative Claim otherwise agree in writing; provided, however, that Administrative Claims representing indebtedness or other obligations incurred in the ordinary course of business of Debtor will be paid in the ordinary course of business and in accordance with any terms and conditions of any agreement or order relating thereto.

**2.2     Professional Fees.**

Each professional person, whose retention or appointment in the Bankruptcy Case has been approved by the Bankruptcy Court, and who holds or asserts a Fee Claim, shall file with the Bankruptcy Court and serve on all parties required to receive notice a final fee application within 45 days after the Effective Date.  The failure to timely file the fee application as required under this Section 2.2 will result in the Fee Claim being forever barred and discharged.  A Fee Claim with respect to which a fee application has been properly filed pursuant to this Section 2.2 will become an Allowed Administrative Claim only to the extent allowed by Final Order.  All Allowed Fee Claims shall be paid by the

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Reorganized Debtor from Cash from operations or through application of any retainer held by such professional person.

**2.3    Priority Tax Claims.**

Each holder of an Allowed Priority Tax Claim will be paid the full amount of its Allowed Priority Tax Claim on the Effective Date.

### ARTICLE 3
### CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of Classes of Claims and Interests.  Administrative Claims and Priority Tax Claims of the kinds specified in section 507(a)(8) of the Bankruptcy Code (the treatment of which is set forth in Article 2 above) have not been classified and are excluded from the following Classes, in accordance with section 1123(a)(1) of the Bankruptcy Code.

**3.1    Claims.**

<u>Class 1</u>.  Class 1 consists of all Allowed Priority Claims.

<u>Class 2</u>.  Class 2 consists of the Allowed Secured Claim of BofA that is secured by liens on the subdivision in Vancouver, Washington, known as Songbird.

<u>Class 3</u>.  Class 3 consists of the Allowed Secured Claim of KeyBank that is secured by liens on the following subdivisions (i) Morgan's Vineyard, in Yamhill County, Oregon; (ii) Meriwether- Hillshire, and (iii) Taverner Ridge.

<u>Class 4</u>.  Class 4 consists of the Allowed Secured Claim of WCB that is secured by liens on the following two subdivisions (i) Chandler's Estate Phase 2 in Marion County, Oregon, and (ii) Sunset Ridge in Clark County, Washington.

<u>Class 5</u>.  Class 5 consists of all Allowed Claims that are secured by statutory liens under Oregon's Construction Lien Law (i.e. ORS 87.001 to 87.060 and 87.075

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

to 87.093) on the Debtor's property, in each case, to the extent that (i) such Claim is valid and enforceable under applicable law and under the provisions of the Oregon Lien Order, and (ii) the lien securing such Claim has priority over the recorded trust deed lien on such property.  Each such Claim shall be deemed placed in a separate subclass for Plan voting purposes.

Class 6.  Class 6 consists of all Claims of governmental units for ad valorem property taxes or similar impositions that are secured by statutory liens on any of the property (real or personal) to be owned by Debtor on the Effective Date.

Class 7.  Class 7 consists of all Claims of sureties that, in each case, arose or arises under a surety, maintenance or performance bond, except for those surety bonds that have been terminated or rejected pursuant to this Plan.

Class 8.  Class 8 consists of all Allowed Small Unsecured Claims.

Class 9.  Class 9 consists of all Allowed Other Unsecured Claims not otherwise classified or treated under this Plan.

**3.2    Interests.**

Class 10.  Class 10 consists of all Allowed Interests outstanding as of the Effective Date.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**ARTICLE 4**
**IDENTIFICATION OF CLASSES OF CLAIMS AND**
**INTERESTS IMPAIRED AND NOT IMPAIRED BY THIS PLAN**

**4.1    Classes of Claims and Interests Not Impaired by this Plan.**

Priority Claims (Class 1), Property Tax Lien Claims (Class 6) and Surety Bond Claims (Class 7) and Interests (Class 10) are not impaired by this Plan.  Under section 1126(f) of the Bankruptcy Code, holders of those Claims and Interests are conclusively presumed to accept this Plan, and the votes of those holders will not be solicited.

**4.2    Classes of Claims Impaired by this Plan.**

Allowed Claims in Classes 2, 3, 4, 5, 8, and 9 are impaired by this Plan and the holders of those Claims are entitled to vote to accept or reject this Plan.

**ARTICLE 5**
**PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS**

The treatment of and consideration to be received by holders of Allowed Claims pursuant to this Plan will be in full settlement, release and discharge of their respective Allowed Claims unless otherwise specified herein.

**5.1    Class 1.  Priority Claims.**

Class 1 is unimpaired.  On the latest of:  (i) the Effective Date; (ii) ten days after the date a Priority Claim becomes an Allowed Claim; and (iii) the date on which the Debtor or the Reorganized Debtor, as the case may be, and the holder of such Allowed Priority Claim otherwise agree in writing, each holder of an Allowed Priority Claim will be entitled to receive Cash in an amount sufficient to render the Allowed Priority Claim unimpaired under section 1124 of the Bankruptcy Code, in full settlement, release and discharge of such Allowed Priority Claim.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED MAY 24, 2010 – 18

69423-0001/LEGAL17257284.8

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**5.2    Class 2.  BofA Secured Claim.**

Class 2 is impaired by this Plan and BofA is entitled to vote on this Plan.  BofA shall receive the treatment described in this section.

(a)    On the Effective Date, the Reorganized Debtor shall execute and deliver to BofA the BofA Note and the other Amended BofA Loan Documents.  The BofA Note shall be in a principal amount of equal to the difference between (i) $3,438,000.00, and (ii) all payments made by Debtor to BofA from April 5, 2010 through the Effective Date.  Interest shall accrue on the principal balance of the BofA Note at the BofA Interest Rate from the Effective Date until the principal balance is paid in full.

(b)    The Reorganized Debtor shall make payments to BofA in accordance with the terms of the BofA Settlement Agreement.

(c)    The BofA Note shall be secured by (i) a first priority trust deed lien on all remaining lots, partially completed homes and Homes at Songbird, and (ii) a first priority security interest in the holder's interest in the Segregated DIP Cash, in each case, subject and subordinate only to Claims of governmental units for ad valorem property taxes and similar impositions and Allowed Class 5 Claims, if any, that are secured by liens on such property and that have priority over the liens of BofA.  So long as the Reorganized Debtor is not in default of its obligations hereunder to BofA, BofA shall, from time to time on the written request of the Reorganized Debtor, release its lien on lots in Songbird, in each case, upon receipt of a principal payment on the BofA Note equal to the applicable lot release payment as provided for in the BofA Amended Loan Documents and as set forth in the BofA Settlement Agreement.

69423-0001/LEGAL17257284.8

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(d)     The Reorganized Debtor shall cooperate fully with BofA to the extent necessary to assist in the disposition of the BofA Other Collateral as contemplated by the BofA Settlement Agreement.

**5.3     Class 3.  KeyBank Secured Claim.**

Class 3 is impaired by this Plan and KeyBank is entitled to vote on this Plan. KeyBank shall receive the treatment described in this section.

(a)     The Reorganized Debtor shall pay to KeyBank such amounts as are required by the KeyBank Settlement Agreement.

(b)     The KeyBank Note shall be secured by (i) a first priority trust deed lien on the KeyBank WIP, and (ii) a first priority security interest in the holder's interest in the Segregated DIP Cash, in each case, subject and subordinate only to Claims of governmental units for ad valorem property taxes and similar impositions and Allowed Class 5 Claims, if any, that are secured by liens on such property and that have priority over the liens of KeyBank.  So long as the Reorganized Debtor is not in default of its obligations hereunder to KeyBank, KeyBank shall, from time to time on the written request of the Reorganized Debtor, release its lien on the KeyBank WIP as may be required by the KeyBank Settlement Agreement.

(c)     The Reorganized Debtor shall cooperate fully with KeyBank to the extent necessary to assist in the sale of the KeyBank Returned Collateral.

**5.4     Class 4.  West Coast Bank Secured Claim.**

Class 4 is impaired by this Plan and WCB is entitled to vote on this Plan.  WCB shall receive the treatment described in this section.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(a)     On the Effective Date, Debtor will turn over all Segregated DIP Cash except for amounts necessary to (i) complete all existing WCB WIP (including Community Costs) and (ii) cover warranty reserve expenses in the amount of $1,500 per house remaining under the one-year Debtor warranty, including all Homes sold in the year prior to the Effective Date.

(b)     On the Effective Date, the Reorganized Debtor shall execute and deliver to WCB the WCB Note, which shall be secured by (i) a first priority trust deed lien on the WCB Remaining Collateral, (ii) a first priority security interest in the holder's interest in the remaining Segregated DIP Cash, and (iii) the WCB Adequate Protection, in each case, subject and subordinate only to Claims of governmental units for ad valorem property taxes and similar impositions and Allowed Class 5 Claims, if any, that are secured by liens on such property and that have priority over the liens of WCB.

(c)     After the Effective Date, Debtor shall be responsible for completing all WCB Remaining Collateral as soon as commercially practicable, but in any event no later than four months after the Effective Date.

(i)     Reorganized Debtor shall have the WCB Disposition Period to sell any existing Homes and any Home completed after the Effective Date.

(ii)     If Reorganized Debtor is able to close a sale during the WCB Disposition Period, Reorganized Debtor shall be entitled to payment of the Builder's Reserve and the applicable Community Costs, in accordance with the terms of the WCB Cash Collateral Order.  As used herein, a "qualified buyer" means any buyer that has (1) entered

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

into a purchase agreement for the Home, (2) has paid the earnest money deposit or down payment of at least $5,000 plus an amount equal to 30 percent of the total amount of all upgrades, if any, that are to be paid for by the purchaser (i.e., upgrades that are not sales incentives or concessions) (the "Earnest Money Deposit"), (3) has a commitment for the necessary financing, and (4) has no contingencies to the purchase of the Home.

(iii)    If Reorganized Debtor is unable to either (1) find a qualified buyer for any completed Home or any Home completed after the Effective Date or (2) close a sale to a qualified buyer within the WCB Disposition Period, Reorganized Debtor shall transfer such Home to WCB pursuant to a deed in lieu of foreclosure and shall not be entitled to payment of the Builder's Reserve and the applicable Community Costs, as set forth in the cash collateral order.

(iv)    Each month prior to any payments to its subcontractors, Reorganized Debtor shall provide WCB with a construction budget for each of the Homes that comprise the WCB Remaining Collateral that sets forth the amount spent to date, and the amount to be paid in the next monthly payment cycle.  Reorganized Debtor shall ensure that a lien waiver is obtained, covering the particular payment, before the payment is issued to a subcontractor and after the completion of each monthly payment cycle, will forward a copy of the lien waivers received that month to WCB.  Upon substantial completion (i.e. the

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

point when construction is sufficiently complete in accordance with the contract documents, that the owner can occupy or utilize the building or space) of any Home that is part the WCB Remaining Collateral, Reorganized Debtor shall inform WCB of such substantial completion and shall have a notice of completion as allowed by ORS 87.045(2), posted and recorded. For any Home that is part of the WCB Remaining Collateral located in Washington, Reorganized Debtor shall provide WCB with a notice of completion in a mutually agreeable form. Upon request and after reasonable notice, Reorganized Debtor shall provide to WCB any other information requested by WCB concerning or related to ongoing work in progress and payments to subcontractors, related lien releases or other matters that might otherwise impair or affect the lien priority of WCB as it relates to the WCB Remaining Collateral. The Reorganized Debtor will not allow a construction or mechanic's lien to be placed on any Lot that is part of the WCB Remaining Collateral. If such a lien is recorded against any Lot that is part of the WCB Remaining Collateral then the Reorganized Debtor will, within five (5) working days of receipt of notice of the lien pay or satisfy the lien or bond the lien.

(d) On the Effective Date or as soon thereafter as possible, Reorganized Debtor will transfer the WCB Undeveloped Lots to WCB pursuant to deeds in lieu of foreclosure.

(e) On the Effective Date Reorganized Debtor and WCB shall enter into the WCB Takedown Agreement. The WCB Takedown Agreement will provide, among other

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

things that the Reorganized Debtor will take down two WCB Undeveloped Lots in the first quarter after the Effective Date and three WCB Undeveloped Lots every quarter thereafter. Notwithstanding the foregoing, Reorganized Debtor shall not be allowed to take down more than three WCB Undeveloped Lots in any one subdivision at any time unless (1) one of the prior Spec Homes has been converted to a presale, (2) Reorganized Debtor has a presale for such WCB Undeveloped Lot; or (3) Reorganized Debtor has either paid the lot release price for such lot or a prior lot that it had taken down under the WCB Takedown Agreement (the "Lot Limit").  Notwithstanding the foregoing, WCB shall retain the right to sell some or all of the WCB Undeveloped Lots subject to the WCB Takedown Agreement to one or more third parties.

(f)     WCB will waive any Unsecured Claims it may be entitled to assert against Debtor, including any Claim for payment of the unsecured line of credit and shall not participate in any distributions to Class 9.

**5.5     Class 5. Oregon Lien Claims.**

Class 5 is impaired by this Plan and each holder of a Class 5 Claim is entitled to vote on this Plan.  The Reorganized Debtor shall pay to each holder of an Allowed Class 5 Claim, in Cash from the proceeds of the collateral securing such Claim, the Allowed Amount thereof pursuant to the terms of the Oregon Lien Order.  All Allowed Class 5 Claims shall bear interest at the Plan Interest Rate from the date of perfection of such statutory lien until payment.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### 5.6 Class 6. Property Tax Lien Claims.

Class 6 is unimpaired and the holders of Class 6 Claims are not entitled to vote on this Plan. The Reorganized Debtor shall pay to each holder of an Allowed Class 6 Claim, in Cash on the Effective Date from the appropriate Segregated DIP Account.

### 5.7 Class 7. Surety Bond Claims.

Class 7 is unimpaired by this Plan and the holders of Class 7 Claims are not entitled to vote on this Plan. The rights of the creditors holding Class 7 Claims will remain unaltered.

### 5.8 Class 8. Small Unsecured Claims.

Class 8 is impaired by this Plan and each holder of a Class 8 Claim is entitled to vote on this Plan. The Reorganized Debtor shall pay to each holder of a Small Unsecured Claim, in Cash, an amount equal to 40 percent of the Allowed Amount thereof paid (a) 50% on the Effective Date and (b) 50% on the 6 month anniversary of the Effective Date, or (c) as soon thereafter as the Allowed Amount is determined.

### 5.9 Class 9. Other Unsecured Claims.

Class 9 is impaired by this Plan and each holder of a Class 9 Claim is entitled to vote on this Plan. Each holder of an Unsecured Claim will receive a distribution of 10% of its Allowed Unsecured Claim, which distribution will be paid annually, on the anniversary of the Effective Date for the next five years. The distributions to each Unsecured Creditor with an Allowed Claim will be made as follows: (i) 10% on the first anniversary of the Effective Date; (ii) 15% on the second anniversary of the Effective Date, (iii) 20% on the third anniversary of the Effective Date; (iv) 25% on the fourth anniversary of the Effective Date; and (v) 30% on the fifth anniversary of the Effective Date.

69423-0001/LEGAL17257284.8

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**5.10    Class 10.  Existing Interests.**

Class 10 is unimpaired by this Plan and the holder of the Interests of the Debtor shall be deemed to accept this Plan.  The Wann Trust, as the current holder of the Interests, shall be entitled to retain the Interests in exchange for the Equity Contribution.

**ARTICLE 6**
**ACCEPTANCE OR REJECTION OF THIS PLAN**

**6.1    Each Impaired Class Entitled to Vote Separately.**

The holders of Claims in Classes 2, 3, 4, 5, 8, and 9 will be entitled to vote separately as a Class to accept or reject this Plan.  The holders of Priority Claims (Class 1), Property Tax Lien Claims (Class 6), Surety Bond Claims (Class 7), and Interests (Class 10) are not impaired and are deemed to have accepted this Plan.

**6.2    Acceptance by a Class of Claims.**

Consistent with section 1126(c) of the Bankruptcy Code, and except as provided in section 1126(e) of the Bankruptcy Code, a Class of Claims shall have accepted this Plan if this Plan is accepted by at least two-thirds in dollar amount and more than one-half in number of the holders of the Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.  If creditors in a Class either (i) fail to vote to either accept or reject this Plan and (ii) fail to object to this Plan, such Class shall be deemed to accept this Plan.

**ARTICLE 7**
**MEANS FOR IMPLEMENTATION AND EXECUTION OF THIS PLAN**

**7.1    Repayment of DIP Loan.**

On the Effective Date, the Reorganized Debtor shall repay all amounts due and owing under the DIP Loan to the Wanns, after taking into account any offset of the Settlement Payment against amounts owed under the DIP Loan.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### 7.2    Effective Date Transactions.

On the Effective Date, or as soon thereafter as is practicable, among other things, (i) the Debtor's articles of incorporation and bylaws shall be amended as necessary to comply with the provisions of section 1123(a)(6) of the Bankruptcy Code and otherwise in a manner not inconsistent with this Plan, and (ii) the Reorganized Debtor shall execute and delivery all documents, instruments and agreements that are necessary to implement this Plan. The Reorganized Debtor is authorized to form any subsidiaries that it deems necessary or desirable to implement the terms of this Plan.

### 7.3    Continuation of Business.

Upon confirmation of this Plan, the Reorganized Debtor will continue its legal existence and will be revested with title to all property of its estate. From and after the Effective Date, the Reorganized Debtor shall operate its business in a manner consistent with this Plan.

### 7.4    Management and Operations.

The Reorganized Debtor's post-confirmation business shall consist of managing and running the business through the Reorganized Debtor or any affiliates that the Reorganized Debtor believes are appropriate for operation of the Reorganized Debtor's business; provided, however, any new entity formed by Reorganized Debtor shall be jointly and severally liable with PLHI under this Plan. The Reorganized Debtor shall be authorized to operate its business and to use, sell, lease or otherwise dispose of its property free of any restrictions contained in the Bankruptcy Code or Bankruptcy Rules, but subject to applicable non-bankruptcy law and the provisions of this Plan.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### 7.5    Plan Funding.

This Plan shall be funded by a combination of the Debtor's Cash on hand as of the Effective Date, including all remaining amounts in the Segregated DIP Accounts, the Equity Contribution, the Settlement Payment and Cash that is collected or generated by the Reorganized Debtor after the Effective Date.

### 7.6    Release of Wann Trust, the Wann Parties and Wanns by Debtor.

In exchange for the Equity Contribution, the Settlement Payment and the treatment afforded under this Plan, the Debtor, the Wann Trust, the Wann Parties and either or both of the Wanns, for themselves and their heirs, estates, subsidiaries, affiliates, officers, directors, employees, shareholders, agents, representatives, attorneys, insurers, and assigns, each hereby waive, release and forever discharge the other, and its parent corporations, subsidiaries, affiliates, officers, directors, employees, shareholders, agents, representatives, attorneys, insurers, and assigns from any and all past, present, and future claims, defaults, demands, obligations, defenses, setoffs, actions, causes of action, rights, and damages relating to or arising out of any claim under any legal theory, including, without limitation, under contract, tort, or otherwise, which the Debtor, the Wann Parties, the Wann Trust or either or both of the Wanns now have, may claim to have, ever had, or may hereafter acquire, whether such claims are currently known, unknown, foreseen, or unforeseen, from the beginning of time through and including the Effective Date of this Plan, including, without limitation, any and all claims arising under chapter 5 of the Bankruptcy Code or as defined in section 101(5) of the Bankruptcy Code.  Notwithstanding the foregoing, nothing contained herein shall constitute a release of any claims, defaults, demands, obligations, defenses, setoffs, actions, causes of action, rights, and damages relating to or arising out of

69423-0001/LEGAL17257284.8

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

this Plan, or any other agreement entered into between the Wann Trust, the Wann Parties, or the Wanns and the Debtor or Reorganized Debtor in connection with this Plan.

**7.7    Preservation of Causes of Action and Avoidance Actions.**

All Causes of Action and Avoidance Actions, other than those released in Section 7.5 above, are preserved and reserved for later adjudication in accordance with this Plan, and therefore no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to those Claims or causes of action on or after Confirmation or the Effective Date of this Plan.  The failure to specifically list or otherwise identify an Avoidance Claim or Cause of Action in this Plan or the Disclosure Statement:  (i) is not intended to effect, and to the extent permitted by law will not be deemed to effect a release or waiver of such Avoidance Claim or Cause of Action; and (ii) is not indeed to impair, and to the extent permitted by law will not impair, the Reorganized Debtor's right to pursue such an Avoidance Claim or Cause of Action.

**7.8    Compensation of Professionals.**

All professionals employed after the Effective Date by the Reorganized Debtor and prior to the closing of the Bankruptcy Case will be paid by the Reorganized Debtor without the need for Bankruptcy Court approval.

**ARTICLE 8**
**PROVISIONS GOVERNING DISTRIBUTIONS AND DISPUTED CLAIMS**

**8.1    Disbursing Agent.**

The Reorganized Debtor shall act as a disbursing agent for all disbursements required under this Plan.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**8.2    Record Date.**

The record date for distributions will be the date of approval of the Disclosure Statement or any later date established by order of the Bankruptcy Court.

**8.3    Timing of Distributions.**

Except as otherwise provided for herein or ordered by the Bankruptcy Court, distributions under this Plan shall be made on the Effective Date and on each Distribution Date, or, in each case, as soon thereafter as is practicable.

**8.4    Interest on Claims.**

Unless otherwise specifically provided for in this Plan, the Confirmation Order or the Bankruptcy Code, postpetition interest shall not accrue or be paid on any Claim.

**8.5    Withholding Taxes.**

Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law will be deducted by Reorganized Debtor from all distributions made by it.  All Entities holding Claims shall provide any information necessary to effect the withholding of such taxes.

**8.6    Fractional Cents.**

Any other provision of this Plan to the contrary notwithstanding, no payment of fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment will reflect a rounding down of such fraction to the nearest whole cent.

**8.7    No Distributions Under Twenty Dollars.**

No distribution of less than $20.00 shall be made to the holder of any Allowed Claim and all such Claims are discharged.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**8.8    Undeliverable or Unclaimed Distributions.**

For a period of 180 days after any particular distribution is made pursuant to this Plan, distributions that are unclaimed, including (i) checks that have been returned as undeliverable without a proper forwarding address and (ii) checks that were not mailed or delivered because of the absence of a proper address to which to mail or deliver the same, shall be distributed to the holders of Allowed Claims entitled thereto upon presentment to the Reorganized Debtor of satisfactory proof of entitlement.  The Reorganized Debtor shall make a reasonable effort to ascertain the correct mailing address from information generally available to the public for each holder of an Allowed Claim whose check or other property cannot be mailed or delivered because of the absence of a proper address or whose check has been returned without a proper forwarding address.  On the first day after the expiration of such 180 day period (i) holders of Allowed Claims previously entitled to such undeliverable or unclaimed distribution shall no longer be entitled to such distribution and (ii) such Claims shall be deemed disallowed for all purposed, including any future distributions.  Pursuant to Section 347(b) of the Bankruptcy Code, all disbursements made under this Plan that remain unclaimed as set forth herein shall become property of the Reorganized Debtor.

**8.9    Time Bar to Cashing Distribution Checks.**

The Reorganized Debtor may (but shall not be obligated to) stop payment on any check issued by it in respect of Allowed Claims if such check is not negotiated within 60 days after the date of issuance thereof.  Request for reissuance of any check shall be made to the Reorganized Debtor in accordance with this Plan, by the holder of the Allowed Claim to whom such check originally was issued, prior to the expiration of the 180 day period set forth in Section 8.8 of this Plan.  After such date, the holder of any such Claim who has

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

failed to make a timely request for reissuance of such a voided check shall not be entitled to any other or further distribution under this Plan on account of such voided check or such Claim.

## 8.10 Transmittal of Distributions and Notices.

Any property or notices, including distributions, that an entity is or becomes entitled to receive pursuant to this Plan may be delivered by regular mail, postage prepaid, in an envelope addressed to that entity at the address indicated on a properly filed proof of claim or, absent such a proof of claim, the address that is listed on the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009; provided, however, that a holder of a Claim may designate a different address for notices and distributions by notifying the Reorganized Debtor of a change of address in writing. The new address shall be effective upon receipt by the Reorganized Debtor of such notice.

## 8.11 Disputed Claims.

The Reorganized Debtor shall have the exclusive right to file objections to the allowance of any Claim no later than 120 days after the Effective Date, unless for cause shown the Bankruptcy Court extends such deadline. No disbursement shall be made on account of a Disputed Claim as to which an objection has been interposed or as to which a counterclaim or setoff has been asserted, unless and until the objection, counterclaim or setoff is finally resolved and such Disputed Claim is Allowed. Once a Disputed Claim is Allowed, the Reorganized Debtor shall make distributions on such Claim on the appropriate Distribution Date. To the extent that any distribution was not made because such Claim was a Disputed Claim and not yet Allowed, the Reorganized Debtor shall make such distribution at the same time as the next distribution, such that such creditor shall have received all

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

distributions it would have otherwise received if its Claim was Allowed on the Effective Date.

**8.12    Procedure.**

Unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor will litigate the merits of each Disputed Claim until determined by a Final Order; provided, however, that the Reorganized Debtor, may without approval of the Bankruptcy Court settle any Disputed Claim in an amount less than $100,000, but shall be required to seek Bankruptcy Court approval for the settlement of any Disputed Claim in excess of that amount.

**8.13    Disputed Distributions.**

If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any distribution under this Plan, the Reorganized Debtor shall not make any distributions to such creditor, but shall reserve funds for such until the disposition thereof shall be determined by court order or by written agreement among the interested parties to such dispute.

**8.14    Limitations on Filing or Amending Claims After the Confirmation Date.**

Except as otherwise provided in this Plan, after the Confirmation Date, a proof of claim may be amended by the holder of such Claim solely to decrease, but not to increase, the amount of such Claim.  Except as otherwise provided in this Plan and in the immediately preceding sentence, any proof of claim (whether filed to assert a new Claim or to amend a previously filed Claim) filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Reorganized Debtor.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**8.15     No Distributions Pending Allowance.**

Notwithstanding any other provision of this Plan, no distributions under this Plan shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order.  No holder of a Disputed Claim shall have any Claim against the Reorganized Debtor on account of such Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim.

## ARTICLE 9
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**9.1     General Assumption of Executory Contracts and Unexpired Leases.**

Except as otherwise provided in the Confirmation Order, effective as of the Effective Date, all executory contracts and unexpired leases of the Debtor not (i) previously rejected by operation of law or by Court order, (ii) the subject of a motion to reject filed prior to the Confirmation Date, or (iii) listed on <u>Exhibit A</u>, shall be deemed to be automatically assumed by the Reorganized Debtor as of the Effective Date.  The Confirmation Order shall constitute a Court order approving such assumptions pursuant to the provisions of section 365 and 1123(b)(2) of the Bankruptcy Code.  Each contract or lease that is assumed pursuant to this Plan shall be deemed to include all modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such contract or lease (but excluding any of the foregoing that is not in writing and that purportedly limits, restricts or impairs the Debtor's rights or benefits under the written documents that evidence such contract or lease).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**9.2     Cure of Assumed Contracts and Leases.**

Any monetary amounts that are in default under a contract or lease that is assumed pursuant to this Plan shall be satisfied by Cure.  In the event of a dispute regarding (i) the nature or the amount of any Cure, (ii) the ability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under any such contract or lease, or (iii) any other matter pertaining to the assumption of such a contract or lease, Cure shall occur immediately following the entry of a Final Order resolving the dispute.  Cure costs shall be paid by the Reorganized Debtor.

**9.3     Filing of Proofs of Claim.**

All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases must be filed with the Bankruptcy Court within 30 days after the Confirmation Date or entry of an order of the Bankruptcy Court approving rejection of a specific executory contract or unexpired lease, whichever is later.  Failure to file such a proof of claim within the time provided will forever bar assertion of such a Claim.

**ARTICLE 10**
**CONDITIONS PRECEDENT**

**10.1     Conditions Precedent to the Effective Date.**

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in accordance with Section 10.2 of this Plan:

(a)     The Bankruptcy Court shall have entered the Confirmation Order, in form and substance reasonably satisfactory to the Debtor, which shall, among other things, (i) find that this Plan complies with all applicable requirements of the Bankruptcy Code, (ii) decree that the Confirmation Order shall supersede any Court orders issued prior to the Confirmation Date that may be inconsistent therewith,

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(iii) decree that, except as otherwise provided in this Plan or in the Confirmation

Order, all transfers of property contemplated under this Plan shall be free and clear

of all Claims, security interests, liens, encumbrances and other interests of holders of

Claims and Equity Interests, and (iv) provide that any and all executory contracts and

unexpired leases that are assumed pursuant to this Plan shall remain in full force and

effect for the benefit of the Reorganized Debtor, in each case, notwithstanding any

provision in any such contract or lease or in applicable law (including those

described in sections 365(b)(2); (f) of the Bankruptcy Code) that prohibits, restricts

or conditions such transfer or that enables or requires termination or modification of

such contract or lease; and (g) authorize the Debtor to take all actions necessary or

appropriate to enter into, implement and consummate the contracts, instruments,

releases, leases, indentures and other agreements or documents created in connection

with this Plan.

      b.     No stay of the Confirmation Order shall be in effect at the time the

other conditions set forth in this Section 10.1 have been satisfied or waived.

      c.     All documents, instruments and agreements, each in form and

substance satisfactory to the Debtor, provided for under or necessary to implement

this Plan, including without limitation, the BofA Amended Loan Documents, the

KeyBank Amended Loan Documents, the WCB Amended Loan Documents, and the

WCB Takedown Agreement shall have been executed and delivered by the parties

thereto, unless such execution or delivery has been waived by the party to be

benefited thereby.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**10.2   Waiver of Conditions.**

Except as provided herein, the conditions set forth above may only be waived in whole or in part by the Debtor.

**10.3   Notice of Effective Date.**

On the first business day after the Confirmation Date on which all conditions to effectiveness of this Plan are satisfied or waived as provided in this Article 10, or as soon thereafter as is reasonably practicable, the Debtor shall file with the Bankruptcy Court a notice that states the date on which the Effective Date occurred.  This Plan shall be deemed to be effective as of 12:01 a.m. (prevailing Pacific Time) on the Effective Date set forth in such notice filled with the Bankruptcy Court.

### ARTICLE 11
### EFFECT OF CONFIRMATION

**11.1   Effect of Appeals.**

Notwithstanding the pendency of an appeal from the Confirmation Order or the timely service and filing of a motion under Bankruptcy Rules 7052, 8002(b), 8002(c), 8003, 8015, 9023 or 9024, the Debtor may, but shall not be required to, consummate this Plan, unless the Confirmation Order is stayed pending appeal.

**11.2   Binding Effect.**

On the Effective Date, pursuant to section 1141(a) of the Bankruptcy Code, the provisions of this Plan shall bind the Debtor, the Reorganized Debtor, all Creditors and all holders of Interests, including each of their respective heirs, legal representatives, successors and assigns, whether or not they accept this Plan.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### 11.3   Revesting of Property.

As of the Effective Date, pursuant to sections 1123(a)(5) and 1141 of the Bankruptcy Code, the Reorganized Debtor shall be revested with title to all property of its estate, free and clear of all liens, Claims and interests, except to the extent provided in this Plan or in the Confirmation Order.  As of the Effective Date, the Reorganized Debtor may use and dispose and otherwise deal with such property and may conduct it affairs, in each case, without supervision of the Bankruptcy Court and free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules, other than those restrictions expressly imposed by this Plan or the Confirmation Order.

### 11.4   Discharge.

Except, as otherwise provided in this Plan or in the Confirmation Order, on the Effective Date, pursuant to section 1141(d) of the Bankruptcy Code, the Debtor and the Reorganized Debtor shall be discharged from all liability on any and all Claims against the Debtor that arose at any time before the Effective Date.

### 11.5   Term of Injunction or Stays.

Unless otherwise provided herein, any injunction or stay arising under or entered during the Bankruptcy Case under section 105 or 362 of the Bankruptcy Code or otherwise that is in existence on the Confirmation Date shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

### 11.6   Injunction.

***Except as otherwise provided herein, from and after the Effective Date, all holders of Claims shall be permanently enjoined from commencing or continuing in any manner, any suit, action or other proceeding, on account of any Claim, interest, obligation, debt,***

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED MAY 24, 2010 – 38

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

***right, cause of action, remedy or liability released or to be released pursuant to this Plan,***
***including any claims they may have against the Wann Trust or against any asset of the***
***Debtor's estate which is subject to administration to pay Claims. Further,***
***notwithstanding Confirmation of this Plan or the Confirmation Order, the injunction***
***provided by section 362(a) of the Bankruptcy Code shall remain in place for the Debtor,***
***its estate, the estate assets and the assets contemplated under this Plan to satisfy Claims.***

### 11.7 Exculpation.

Neither the Debtor nor the Committee, nor any of their respective officers, directors, members, representatives or agents who served as such during this Bankruptcy Case, shall have or incur any liability to any Entity for any act or omission in connection with or arising out of the negotiation of this Plan, the pursuit of confirmation of this Plan, the pursuit of approval of the Disclosure Statement, the consummation of this Plan, the transactions contemplated and effectuated by this Plan, the administration of this Plan or any other act or omission during the administration of the Bankruptcy Case or the Debtor's Estate. Notwithstanding the foregoing, Claims arising from gross negligence or willful misconduct on behalf of the Debtor are not waived or released in any manner by this Plan. In all respects, the Debtor will be entitled to rely upon the advice of counsel with respect to its duties and responsibilities under this Plan.

### 11.8 Effect on Insurance Policies.

Except as otherwise specifically provided in this Section 11.8, notwithstanding anything to the contrary contained elsewhere in this Plan, including any provision herein that purports to be preemptory or supervening, the respective rights, obligations and defenses of the insured and insurer under each insurance policy issued to the Debtor or

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

under the agreements related to such policies shall be unaffected by this Plan. Any and all Claims of the insurers that issued such policies before the Petition Date, whether such Claims arise under the policy documents or otherwise, shall be classified and treated as a Class 9 Claims.

## ARTICLE 12
## MISCELLANEOUS PROVISIONS

### 12.1    Revocation.

The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

### 12.2    Effect of Withdrawal or Revocation.

If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan will be deemed null and void.

### 12.3    Modifications.

The Debtor may propose amendments to or modifications of this Plan under section 1127 of the Bankruptcy Code at any time prior to the Confirmation. After the Confirmation Date, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of this Plan so long as the interests of claimants are not materially and adversely affected.

### 12.4    Bankruptcy Court to Retain Jurisdiction.

The Bankruptcy Court will retain jurisdiction over all matters arising out of or related to the Bankruptcy Case and this Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code until the Effective Date. From and after the Effective Date, until the Plan

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED MAY 24, 2010 – 40

69423-0001/LEGAL17257284.8

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

has been fully administered, including after the closing of the Bankruptcy Case by the Bankruptcy Court pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Bankruptcy Court will retain and have jurisdiction over Debtor, its estate, the Debtor, the Reorganized Debtor, and the Bankruptcy Case for the purposes of determining all matters presented by or arising under this Plan, including, without limitation, jurisdiction to:

(i) enforce and administer the provisions of this Plan, including taking any action to enforce this Plan, and issue such orders as may be necessary for the implementation, execution and consummation of this Plan and the determination of any and all disputes arising under or in connection with this Plan;

(ii) determine the allowance or classification of Claims and determine any objections or disputes thereto;

(iii) determine any and all applications, motions, adversary proceedings, and contested matters pending before the Bankruptcy Court as of the Effective Date and arising in or related to the Bankruptcy Case or this Plan;

(iv) determine any and all Fee Claims incurred in the Bankruptcy Case;

(v) determine any other request for payment of Administrative Claims;

(vi) correct any defect, cure any omission or reconcile any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the provisions, purposes and intent of this Plan;

(vii) approve and confirm any modification of this Plan;

(viii) enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(ix) consider the compromise and settlement of any Claim against Debtor or Debtor's estate;

(x) determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(xi) enforce all orders, judgments and rulings entered in connection with the Bankruptcy Case;

(xii) enforce, interpret and administer the provisions of this Plan, including, but not limited to, the provisions relating to the distributions to be made hereunder and to the transfer of any property hereunder;

(xiii) determine matters concerning federal, state or local taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(xiv) issue and enter such orders, consistent with sections 1142 and 105(a) of the Bankruptcy Code, as may be necessary to effectuate the consummation and full and complete implementation of this Plan; and

(xv) to exercise the jurisdiction granted pursuant to section 505(a)and (b) of the Bankruptcy Code to determine any and all federal, state, local and foreign tax liabilities of, any and all refunds of such tax paid by, Debtor; and to enforce the protections granted Debtor under section 525 of the Bankruptcy Code and applicable civil rights laws.

**12.5    Election Pursuant to Section 1129(b) of the Bankruptcy Code.**

The Debtor hereby requests confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code if the requirements of all provisions of section 1129(a) of the

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Bankruptcy Code, except paragraph (a)(8) thereof, are met with regard to the Plan. In determining whether the requirements of section 1129(a)(8) of the Bankruptcy Code have been met, any Class or subclass of a Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 as of the date fixed by the Bankruptcy Court for filing acceptances or rejections of this Plan shall be deemed deleted form this Plan for purposes of voting to accept or reject this Plan and for purposes of determining acceptance or rejection of this Plan by such Class or subclass.

### 12.6    Consummation of the Plan.

The Debtor reserves the right to request that the Confirmation Order include (i) a finding by the Bankruptcy Court that Bankruptcy Rule 3020(e) shall not apply to the Confirmation Order, and (ii) the Bankruptcy Court's authorization for the Debtor to consummate the Plan immediately after entry of the Confirmation Order.

### 12.7    Exemption from Transfer Taxes.

Pursuant to section 1146(c) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance, or in connection with this Plan, whether occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by this Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

### 12.8    Waivers.

Except as otherwise provided in the Plan or in the Confirmation Order, any term of the Plan may be waived by the party benefited by the term to be waived.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**12.9    Setoffs, Recoupments and Defenses.**

Nothing contained in the Plan shall constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or recoupment, or of any defense, it may have with respect to any Claim (including, without limitation, rights under section 502(d) of the Bankruptcy Code).  Except as otherwise provided in the Plan, in the Confirmation Order or in agreements previously approved by a Final Order, the Reorganized Debtor may, but will not be required to, set off against any Claim or any distributions with respect to such Claim any and all of the claims, rights and Causes of Action of any nature that the Debtor or the Reorganized Debtor, as applicable, may hold against the holder of such Claim; provided, however, that neither the failure to effect such a setoff, the allowance of any Claim, the payment of any distribution hereunder or any other action or omission of the Debtor or the Reorganized Debtor, as applicable, nor any provision of the Plan, shall constitute a waiver or release by the Debtor or the Reorganized Debtor, as applicable, of any such claims, rights and Causes of Action that the Debtor or the Reorganized Debtor , as applicable, may possess against such holder.

**12.10    Cancellation of Documents Evidencing Unsecured Claims.**

As of the Effective Date, any note, agreement, instrument or other document evidencing an Unsecured Claim in an impaired Class shall be deemed cancelled, null and void, except for the right, if any, to receive distributions under this Plan.

**12.11    No Retiree Benefits.**

The Debtor is not obligated to provide retiree benefits within the meaning of section 1114(a) of the Bankruptcy Code.  Thus, section 1129(a)(13) of the Bankruptcy Code does not apply to this Plan.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**12.12   Closing of the Bankruptcy Case.**

As soon as practicable after the Effective Date, when the Reorganized Debtor deems appropriate, it shall seek authority from the Bankruptcy Court to close the Bankruptcy Case in accordance with the Bankruptcy Code and the Bankruptcy Rules; provided, however, that entry of a final decree closing the Bankruptcy Case shall, whether or not specified therein, be without prejudice to the right of the Reorganized Debtor or other party in interest to reopen the Bankruptcy Case for any matter over which the Bankruptcy Court has retained jurisdiction under this Plan.

**12.13   Compromise of Controversies.**

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distributions and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the compromises and determination that such compromises and settlements are in the best interest of the Debtor and the Estate.  The Debtor expressly reserves the right (with Court approval, following appropriate notice and opportunity for a hearing) to compromise and settle other Claims and Causes of Action up to and including the Effective Date.

**12.14   Payment of Statutory Fees.**

The Reorganized Debtor will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the Bankruptcy Case is closed, converted, or dismissed.  After Confirmation, the Reorganized Debtor shall file a monthly financial report for each month, or portion thereof, that the Bankruptcy Case remains open.  The monthly

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

financial report will include a statement of all disbursements made during the course of the month by the Reorganized Debtor, whether or not pursuant to this Plan.

**12.15  Notices.**

All notices, requests, demands or other communications in connection with or required to be given under this Plan, if any, will be in writing and will be sent by: (i) certified first class mail, return receipt requested, postage prepaid (deemed given when received as noted on return receipt); (ii) overnight courier, freight prepaid, receipt requested (deemed given when received as noted on receipt); (iii) facsimile (deemed given when received as noted on confirmation report); or (iv) hand delivery, receipt requested (deemed given when received as noted on receipt):

|  |  |
|---|---|
| If to the Reorganized Debtor, to: | Pacific Lifestyle Holdings, Inc.<br>Suite 1200<br>11815 NE 99th Street<br>Vancouver, WA  98682<br>Phone:  (360) 573-8081<br>Fax: (360) 816-0356<br>email:  kevinw@pacificlifestylehomes.com<br>Attn:  Kevin Wann, President |
| With a copy to: | Perkins Coie LLP<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR  97209-4128<br>Phone:  (503) 727-2000<br>Fax:  (503) 727-2222<br>Email:  jthomas@perkinscoie.com<br>Attn:  Jeanette L. Thomas |

Either of the above parties may, from time to time, change its address for future notices and other communications hereunder by filing a notice of the change of address with the Bankruptcy Court.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED MAY 24, 2010 – 46

69423-0001/LEGAL17257284.8

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### 12.16  Headings.

The headings of the articles, sections and subsections of this Plan are inserted for convenience only and will not affect the interpretation hereof.

### 12.17  Construction.

The rules of construction used in section 102 of the Bankruptcy Code will apply to the construction of this Plan.

### 12.18  Governing Law.

Except to the extent that the Bankruptcy Code is applicable and preempts state law, the rights and obligations arising under this Plan will be governed by, and will be construed and enforced in accordance with, the laws of the State of Washington.

### 12.19  Termination of Service of Committee.

The Committee will remain in existence after the Effective Date only with respect to the following actions:  (i) prosecution of objections to any Fee Claim, and (ii) reimbursement of expenses incurred by members of the Committee.  Once the foregoing matters are resolved, the Committee will dissolve without the necessity for further action or order of the Bankruptcy Court.

### 12.20  Successors and Assigns.

The rights and obligations of any Entity named or referred to in this Plan will be binding upon, and will inure to the benefit of, the successors and assigns of such Entity.

### 12.21  Exhibits.

All exhibits and schedules to this Plan are incorporated into and are part of this Plan as if set forth in full herein.

WHEREFORE, Debtor requests entry of an order granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED: May 24, 2010

**PERKINS COIE** LLP

By: /s/ Jeanette L. Thomas
    Steven M. Hedberg, WSBA No. 15140
    SHedberg@perkinscoie.com
    Jeanette L. Thomas, WSBA No. 31378
    JThomas@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, OR 97209-4128
    Telephone: 503.727.2000
    Facsimile: 503.727.2222

    Brian A. Jennings, WSBA No. 32509
    BJennings@perkinscoie.com
    1201 Third Ave., 48th Fl.
    Seattle, WA 98101
    Telephone: 206.359.3679
    Facsimile: 206.359.4679

Attorneys for Debtor
Pacific Lifestyle Homes, Inc.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED MAY 24, 2010 – 48

69423-0001/LEGAL17257284.8

# EXHIBIT A

## REJECTED CONTRACTS AND LEASES

1.    Assignment of Declarant's Rights, dated by and between Esmeralda Properties, LLC and Emerald Vista, Inc.

**[Remainder to come later]**

EXHIBIT A TO PLAN

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

69423-0001/LEGAL17257284.8